UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MANHEAD, LLC, | ) |
| Plaintiff, | ) CIVIL ACTION NO. 14-cv-12532 RWZ |
| vs. | ) |
| JOHN DOES 1-100, individuals, et al . | ) |
| Defendants. | ) |

**DECLARATION OF ANDREW STENSRUD IN SUPPORT
OF PRELIMINARY INJUNCTION AND SEIZURE ORDER TO ISSUE**

I, ANDREW STENSRUD, hereby declare as follows:

1. I make this declaration in support of Manhead, LLC's ("Plaintiff") request that a preliminary injunction and seizure order issue in the above referenced matter in the form attached hereto as Exhibit B. I have personal knowledge of the facts set forth herein and am authorized by Plaintiff to make this declaration. If called as a witness, I could and would be able to testify competently to such facts.

2. I make this declaration to inform the Court about the service of the Temporary Restraining Order; Seizure Order; and Order to Show Cause Regarding Why a Preliminary Injunction and Seizure Order Should Not Issue (the "Order") previously issued by this Court and to support Plaintiff's request for a nationwide preliminary injunction and seizure order be issued. The Order was issued to allow the seizure of unauthorized merchandise, as known as "Bootleg Merchandise" or "Unauthorized Merchandise," that contains the federally registered trademarks, service marks,

1

likenesses, logos and other indicia of the popular musical group "**FALL OUT BOY**" (the "Group").

3. I am responsible for, among other duties, coordinating the seizure of Bootleg Merchandise pursuant to the Order. Defendants, also known as Bootleggers, have plagued tours of performers of the caliber of the Group. Plaintiff has obtained for other performers orders similar to the order that Plaintiff requests the Court to issue to allow Plaintiff to seize Bootleg Merchandise for the duration of the tour.

4. As expected, the defendant Bootleggers appeared with the Bootleg Merchandise at the Group's performances. We seized over Five Hundred and Fifty (550) bootleg T-shirts and other Bootleg Merchandise (including those containing the current other performer, Paramore, subject to a separate injunction issued by this Court) since this Court has issued the Order. True and correct copies of some of the proofs of service and receipts for goods seized are attached hereto as Exhibit A. Plaintiff's attorneys received samples of the Bootleg Merchandise we seized and original authorized merchandise for use in connection with these proceedings.

5. Almost all of the Defendants refused to identify themselves when served with the Order and the other documents and they do not carry any identification. In addition, many of the Defendants refused to accept a copy of the Order and the receipt. Often the Bootleggers, when approached by the officer or process server, would ask if the officer/server had an injunction or order. When the officer/server responded in the affirmative and tried to serve the Order, the Bootleggers would hand over or drop the Bootleg Merchandise (and the Order just served on them) and then walk or run away before the officer/server could give to them a receipt.

6.	As has been my experience with past tours, it is expected that these Bootleggers will travel to each of the upcoming performances of the Group. Most of the unauthorized T-shirts seized were identical or nearly identical to each other. Some of the T-shirts are "professional quality" and appear to have been produced in quantity and originated from a common source. All of the individuals from whom the Bootleg Merchandise was seized circulated in the crowd as the audiences were entering the arenas. Because they sold their goods before the show, they preempted Plaintiff's opportunity to sell authorized merchandise within the venue. Some Bootleggers brought the Bootleg Merchandise into the venue.

7.	As stated in my previous declaration, in all of the matters I have handled since joining Plaintiff many years ago, I am not aware of any Bootlegger appearing in any action filed by Plaintiff, though thousands of people have been served and thousands of pieces of Bootleg Merchandise have been seized.

8.	As previously discussed, the Group is extremely popular and the performances on the tour are almost sold out. Therefore, due to the popularity of the tour, additional dates are in the process of being added. Should the Court so require, we will inform the Court periodically of these additional dates as they are added to the schedule.

9.	Based upon the foregoing, Plaintiff is requesting that the Court extend the effect of the Order and grant a preliminary injunction binding upon all persons served with process, and on any other persons acting in concert with them, from selling Bootleg Merchandise on the tour, and allow Plaintiff to seize such Unauthorized Merchandise.

I declare under penalty of perjury under the laws of the United States and the State of Massachusetts that the foregoing is true and correct. Executed June 30, 2014.

_____
ANDREW STENSRUD